UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

STEPHANIE JUNGWIRT-SCHMITT,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff STEPHANIE JUNGWIRT-SCHMITT sues ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION and alleges as follows:

### **PARTIES, JURISDICTION, VENUE AND GENERAL ALLEGATIONS RELEVANT TO ALL COUNTS**

1. This is a personal injury action for damages in excess of seventy-five thousand dollars ($75,000) exclusive of costs.

2. Plaintiff STEPHANIE JUNGWIRT-SCHMITT ("Ms. Jungwirt-Schmitt") was and is a German citizen domiciled in Germany.

3. Defendant ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPARTION ("RCCL") was and is a foreign corporation with its principal place of business located in Miami-Dade County, Florida.

4. RCCL is authorized to transact business and maintains an office and registered agent in Miami-Dade County, Florida.

1

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2). In addition, or the alternative, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

6. All conditions precedent to the institution of this action have been satisfied or otherwise excused, including pre-suit notice required by the terms and conditions of RCCL's cruise ticket.

7. This Court has personal jurisdiction over RCCL because RCCL maintains its principal place of business in Miami-Dade County, Florida.

8. Further, Defendant RCCL directly or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state or county or had an office or agency in this state or county;

   b. Was engaged in substantial activity within this state;

   c. Operates vessels in the waters of this state; and/or

   d. Committed one or more acts stated in Florida Statutes § 48.081; § 48.181; § 48.193.

9. This cause of action in this complaint arises under general maritime law of the United States and/or the law of the State of Florida.

10. Venue is proper before this Court because RCCL maintains an office and registered agent in Miami-Dade County, Florida and because Ms. Jungwirt-Schmitt's cruise ticket requires that suit be filed in this venue.

11. At all times material to this action RCCL owned or operated the vessel, the *Allure of the Seas*. ("the subject vessel").

12. At all times material, RCCL was engaged in the business of providing to the public and for compensation, vacation cruises aboard the subject vessel.

13. At all times material to this action, Ms. Jungwirt-Schmitt was a paying passenger on the subject vessel during a voyage that began on April 14, 2019.  A copy of Ms. Jungwirt-Schmitt's ticket or exemplar ticket are in RCCL's possession.

14. At all times material to this action, the subject vessel was located in navigable and/or territorial waters.

15. At all times relevant to this action, RCCL owned, operated, managed, maintained, and/or controlled or had the right to control the subject vessel, its employees, crew members, agents or apparent agents.

16. At all times material RCCL provided entertainment or shows to its passengers including a show, based on information and belief, called the "night parade" or "seventies parade."

17. At all times material, RCCL had control or the right to control the activities and shows performed on the subject vessel including the crew members who participated in the show.

## GENERAL FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

18. On or about April 17, 2019, Ms. Jungwirt-Schmitt was watching the night parade when an employee threw a hard, piece of jewelry (a ring) and struck Ms. Jungwirt-Schmitt in the right eye causing injury.  Ms. Jungwirt-Schmitt did not suspect that the crew member (employee) was throwing rings or other objects at her which could cause harm nor did she believe she was participating in any such activity. Passengers watching the show are not provided with any protective gear.  As a result, Ms. Jungwirt-Schmitt was struck on the right side of the head/face in her right eye and has suffered severe permanent injuries including, among others, partial vision loss.

19. At all times material the employee crew member was acting within the course and scope of his employment.

20. At all times material, RCCL knew, acquiesced, ratified, or authorized the crew member to be working onboard the subject vessel during the cruise in question. Further, the employee crew member was carrying out his duties at the time he injured Ms. Jungwirt-Schmitt.

### COUNT I
### NEGLIGENCE AGAINST RCCL

21. Plaintiff re-alleges Paragraphs 1-20 as if fully incorporated herein.

22. Defendant RCCL as a cruise ship owner/operator, owes passengers a duty to exercise reasonable care under the circumstances.

23. RCCL breached that duty in one or more of the following ways:

   a. Failing to provide a safe onboard environment during the subject show due to the hard objects being thrown at passengers;

   b. Failing to instruct its employee crew members not to throw objects which may injure into groups of passengers;

   c. Failing to inspect the objects used in the subject activity to ensure that, if thrown, they would not injure passengers; and

   d. Failing to enforce safety procedures, if it had any, relative to the subject activity.

24. As a direct and proximate result of the aforementioned acts or omissions by RCCL, Ms. Jungwirt-Schmitt was injured. The injuries were foreseeable, natural and probable consequence of the cruise operator's negligence.

WHEREFORE, Plaintiff STEPHANIE JUNGWIRT-SCHMITT demands judgment against ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION for compensatory damages and costs associated with bringing this action.

## COUNT II
## VICARIOUS LIABILITY AGAINST RCCL (RESPONDEAT SUPERIOR)

25. Plaintiff reincorporates and re-alleges Paragraphs 1-20 as if fully set forth herein.

26. Defendant RCCL employed the individual identified above who threw the piece of jewelry in question. At all times material, the employee crew member was within the course and scope of his employment discharging his duties.

27. At all times material, RCCL's employee owed Plaintiff a duty to exercise reasonable care in the discharge of his duties.

28. RCCL's employee breached that duty in one or more of the following ways:

    a. Striking an unsuspecting passenger, Ms. Jungwirt-Schmitt, in her eye with a plastic piece of jewelry;

    b. Failing to ensure that objects were not thrown into a group of passengers in such a manner as to injure them; and

    c. Throwing objects, which could cause injury, at an unsuspecting passenger – the Plaintiff.

29. As a direct and proximate result of the aforementioned acts or omissions by RCCL's employee, Ms. Jungwirt-Schmitt was injured. The injuries were foreseeable, natural and probable consequence of the crew member's negligence.

WHEREFORE, Plaintiff STEPHANIE JUNGWIRT-SCHMITT demands judgment against ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION for compensatory damages and costs associated with bringing this action.

## DAMAGES

Plaintiff STEPHANIE JUNGWIRT-SCHMITT has sustained pain and suffering, mental anguish, emotional distress, permanent injury, lost or diminished wages, incurred medical

expenses, sustained loss of the capacity for the enjoyment of life.  These harms have been suffered in the past and she will suffer these harms and losses in the future.

Plaintiff's injuries and related damages were caused by the negligence of the Defendant or its employees.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Date:  October 15, 2019

        Respectfully submitted,

        By: /s/ Robert L. Parks
        Robert L. Parks
        Florida Bar No. 61436
        bob@rlplegal.com
        ana@rlplegal.com
        gary@rlplegal.com
        Gabriel Garay
        Florida Bar No. 103303
        gabe@rlplegal.com
        **THE LAW OFFICES OF**
        **ROBERT L. PARKS, P.L.**
        799 Brickell Plaza, Suite 900
        Miami, Florida 33131
        Tel:    (305) 445-4430
        Fax:   (305) 445-4431

        *Counsel for the Plaintiff, Stephanie Jungwirt-Schmitt*